RECEIVED 12 FEB -3 AM 10: 50 THOMAS M. GOULD CLERK, US DISTRICT COURT W/D OF TN, JACKSON

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JEFFERY G DOUGLAS
    Plaintiff

vs.                                        Docket Number: **1:11-cv-1219-JDT-egb**

Jennifer Plunk ET AL.
    Defendants

---

## TORTS and DAMAGES

---

    **COMES NOW**, the Plaintiff, **Jeffery Gaylon Douglas**, pursuant **Tenn. Rules of Court, Preliminary Proceedings, Rule 3 and 4** in the above style cause filed July 22, 2011.

    **Therefore,** this cause of action charges Defendants with foresaid torts of malicious prosecution and/or extortion.

    **In support** of this **Tort and Damage** claim, the Plaintiff will submit the follow facts:

    **1.** Plaintiff avers paragraphs One (1) through Five (5) of the **Civil Action** file in the above cause.

    **2.** The herein-named Defendant's have been guilty of the following wrongs, all which proximately have resulted in torts to Plaintiff:

        **A.** In knowingly or negligently represented malicious prosecution

        **B.** In knowingly or negligently failure to disclose the truth.

        **C.** This complaint is alleging that Plaintiff has been **"emotionally harmed"** by defendants mistaken attempt of **'extortion'** under **T.C.A. § 39-14-112(a), and 3 and 4. Therefore,** in fact, a criminal action and good cause for action for intentional or reckless infliction of emotional distress by means of extreme and/or outrageous conduct.

**D.** The fact that Plaintiff **did not posse** the knowledge, which is admittedly, is the possession by those of an attorney. The alleged Plaintiff **did not in fact commit** the alleged allegation. **Therefore,** would be a matter of defense action for damages for intentional infliction of **emotional harm** or **emotional distress;** such knowledge of one would be imputed to corporate entity.

**E. Therefore** if liability imposed upon the Plaintiff whereas the evidence presented **was mere** and/or **insufficient**. Then one should be liable who by means of extreme and/or outrageous tactics willfully and/or recklessly inflicts metal and emotional injury, humiliation and/or shock upon another.

**F.** Standards applicable to torts of outrageous conduct, **i.e.** extreme and/or outrageous and not tolerated in civilized society are like **"negligence"** and other variable standards which, are based upon common sense of the community, primarily for application by the jury.

**G.** Plaintiff avers this action to recover

    **1.** Punitive, and/or

    **2.** Exemplary, and/or

    **3.** Compensatory, and/or

    **4.** Nominal Damages

**H.** Plaintiff avers this action for the intentional alleged infliction

    **a.** Emotional Distress, and/or

    **b.** Psychological Injuries, and/or

    **c.** Intangible, and/or

    **d.** Loss of Society Damages and/or

    **e.** Actual Damages.

**I.** Plaintiff avers paragraphs Seven (7), Eight (8), and Nine (9) of the **Civil Action** file in the above cause.

**3.** Punitive damages may, in discretion of trier of facts, be awarded in cases seeking recovery for outrageous conduct.
**Moorehead v. J.C. Penney Company Inc., 555 S.W.2d 713**

**4.** There are three essential elements to cause of action for outrageous conduct

  **1.** Conduct must be intentional or reckless, and/or

  **2.** Must be so outrageous that it is not tolerated by civilized society, and/or

  **3.** Must result in serious injury.

 **5.** Liability for metal distress damages extends to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities.

 **6.** Intentional infliction of emotional distress and outrageous conduct are two (2) separate torts for same cause of action for liability damages and torts.

 **7.** Plaintiff avers paragraphs Ten (10), Fourteen (14), and Fifteen (15) of the **Civil Action** file in the above cause.

 **8.** Plaintiff avers paragraph eleven (11) of the **Civil Action** file in the above cause

 **9.** Give notice of any motion thereafter made by defendant or court to dismiss the complaint and grounds therefore.

 **10.** Give opportunity to submit a written memorandum in opposition to such motion

 **11.** Give notice in case of dismissal, a statement of grounds therefore.

 **12.** Give opportunity to amend the complaint to overcome the deficiency unless it clearly appears from the complaint that the deficiency can not be over come by amendment.
**Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1987)**

 **13.** Plaintiff be allowed some degree of flexibility in pleading his action and be ensured meaningful access to the courts.
**Boguslavsky v. Kaplan, 159 F3.d 715 (2nd Cir. 1998)**
**Randle v. Rowland, 154 F.3d 952 (9th Cir. 1998)**

 **14.** That this Honorable Court incorporates this Torts and Damages and its additional issues listed herein

 **15.** That this Honorable Court **GRANT** any other relief Honorable Court deems applicable and/or necessary.

**Wherefore,** Supreme Court has recently quoted the United States Supreme Court to effect that, **"It is well established that 'a complaint should not be dismissed'** for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set facts in support of his claim that would entitle Plaintiff relief.

**Fuerst v. Methodist hospital South (1978 Tenn.) 566 S.W.2d 847, 848**

Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 90 (1957))

**Therefore,** in scrutinizing the complaint in the face of a **12.02(6)** motion, "the Court should construed the complaint liberally in favor of the Plaintiff, taking all of the allegations of facts therein true."
**Huckeby v. Spangler (1975 Tenn.) 521 S.W.2d 568, 571.**

**Therefore,** applying these rules in the instant case, Plaintiff has a complaint, which charges all Defendants' with Malicious Prosecution and/or Extortion by concealment of information regarding said Plaintiff.

**Wherefore,** in view, the complaint sufficiently charges **Malicious Prosecution, Extortion and Concealment,** and minimally sets forth the facts as required by **T.R.C.P. Rule 9.02.**

**Whereas,** true, the rule does not actually employ the words "Malicious Prosecution or Extortion," but therefore states Malice and such is unnecessary as "Extortion and Malicious Prosecution" is a legal conclusion drawn from its own set facts.

**Pursuant** to FRCP C(4), FRCP 8(a)(3) is filed in case number **1:11-cv-1219-JDT-egb, 42 U.S.C. § 1983, page 3(VI),** which was filed **July 22nd, 2011** in U.S. District Court, Western District of Tennessee by Judge James D. Todd, case name **Douglas v. Plunk ET AL.**

## PLAINTIFF VERIFICATION

I, **Jeffery Gaylon Douglas,** certify under penalty of perjury that the above statement is true and correct to the best of my knowledge, information, and belief.

                                                **Respectfully Submitted**

                                                */s/ Jeffery T. Douglas 2/1/12*

                                                **Jeffery Gaylon Douglas, 467106**
                                                **Northwest Correctional Complex**
                                                **960 State Route 212**
                                                **Tiptonville, TN. 38079**